﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200311-69370
DATE: January 29, 2021

ORDER

Service connection for sleep apnea is granted.

FINDING OF FACT

The Veteran’s sleep apnea had its onset during service or is otherwise related to service.

CONCLUSION OF LAW

The criteria for service connection for sleep apnea have been met. 38 U.S.C. §§ 1110, 1131, 5103, 5103A, 5107; 38 C.F.R. §§ 3.159, 3.303, 3.304, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the Navy from January 1990 to March 1992. 

In an April 2018 rating decision, the agency of original jurisdiction (AOJ) denied service connection for sleep apnea. In January 2019, the Veteran submitted a Rapid Appeals Modernization Program (RAMP) opt-in election form and requested higher level review of the evidence. The AOJ considered the evidence of record as of the date VA received the RAMP election form and issued the rating decision on appeal in March 2019, which again denied service connection for sleep apnea. In March 2020, the Veteran timely appealed and requested direct review of the evidence considered by the AOJ. Under direct review, the Board may only consider the evidence of record as of the date of the RAMP election.

Service Connection

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131. Generally, the evidence must show the existence of (1) a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004). A disability may also be found service connected on a secondary basis by demonstrating that the disability is either (1) proximately due to or the result of an already service-connected disease or injury or (2) aggravated by an already service-connected disease or injury. Allen v. Brown, 7 Vet. App. 439, 448 (1995); 38 C.F.R. § 3.310.

Additionally, VAOPGCPREC 1-2017 recognizes that, although obesity itself may not be service-connected, obesity may act as an “intermediate step” between a service-connected disability and a current disability that may be service-connected on a secondary basis under 38 C.F.R. § 3.310.

Sleep Apnea

The Board has reviewed the evidence of record and finds that service connection is warranted for the Veteran’s sleep apnea.

First, the Board notes that the Veteran’s available service treatment records (STRs) do not exhibit complaints, treatment, or evidence of sleep apnea. During his April 1989 entrance examination and February 1990 periodic examination, there are also no indications of sleep apnea. Additionally, the Board notes that the Veteran’s complete STRs, including his separation examination, are unavailable. Accordingly, the Board has a heightened obligation to explain its findings, to evaluate any evidence that may be favorable to the Veteran, and to provide an adequate rationale for rejecting any evidence. Washington v. Nicholson, 19 Vet. App. 362, 371 (2005).

In November 2017, the Veteran submitted a statement regarding his claim of service connection for sleep apnea. The Veteran asserted that his service-connected psychiatric disability, including PTSD and depressive disorder, and his service-connected right ankle disability, caused progressive weight gain, which caused or contributed to his sleep apnea. Specifically, the Veteran stated that his psychiatric symptoms and fatigue caused the development of poor eating habits, less motivation to exercise, and less ability to exercise, which lead to progressive weight gain both during service and following separation from service. The Veteran asserted that the progressive weight gain caused by his service-connected disabilities caused or contributed to his sleep apnea.

In support of his assertions, the Veteran submitted private medical records and a sleep apnea disability and benefits questionnaire (DBQ) accompanied by medical opinion from a private medical provider in November 2017. First, the private medical records indicate that the Veteran underwent sleep studies in June 2015 and August 2015, was diagnosed as having sleep apnea, and was prescribed CPAP therapy. In the November 2017 DBQ, the private medical provider noted that the Veteran gained a significant amount of weight due to his service-connected depressive disorder and PTSD and that subsequently he developed pauses in his breathing while sleeping, snoring, nightmares, frequent awakenings, and daytime sleepiness. The medical provider reviewed the chronology of the Veteran’s weight gain and found that it demonstrated progressive weight gain. The medical provider opined that it is at least as likely as not that the Veteran’s sleep apnea is secondary, related to, and/or aggravated by his service-connected psychiatric disability, including PTSD and depressive disorder, and his service-connected right ankle disability. In the rationale, the medical provider found a known association between psychiatric disabilities, including PTSD and depressive disorder, and weight gain and obesity, and the provider also found a known association between musculoskeletal conditions, such as the Veteran’s ankle disability, and weight gain and obesity. The examiner also stated that there is a pathophysiological link between sleep apnea and obesity due to reductions in the functional residual capacity of the anatomy of the upper airway caused by fat deposition. 

Next, the in March 2018 the Veteran underwent an in-person VA examination with claims file review regarding sleep apnea. The examiner noted that the Veteran was diagnosed as having sleep apnea following a sleep study in June 2015. The examiner found that at the time of the Veteran’s sleep study his body mass index (BMI) was 28. The examiner noted that a BMI of less than 30 is classified as overweight and a BMI of 30 or greater is classified as obese. The examiner found that the medical records since 2009 indicated a minimal fluctuation of the Veteran’s weight with a BMI between 28 to 30. The examiner opined that it is less likely than not that that the Veteran’s service-connected psychiatric disability, including depressive disorder and PTSD, caused the Veteran to become obese. In the rationale, the examiner stated that although obesity or progressive wight gain prior to a diagnosis of sleep apnea are considered the strongest risk factors for the development of sleep apnea, the evidence of record does not indicate that the Veteran has persistent obesity or progressive weight gain prior to his sleep apnea diagnosis. Further, the examiner determined that the medical records demonstrate scarce or lacking objective evidence to indicate the presence of chronic or worsening ankle pain, depressive symptoms, anxiety symptoms, or increased appetite, which would contribute to weight gain. Lastly, the examiner noted that sleep apnea is caused by upper airway collapse during sleep and that there is no physiologic basis for depression, anxiety, chronic pain, or an ankle disability to cause sleep apnea.

In May 2018, the Veteran submitted a second sleep apnea DBQ accompanied by medical opinion from a private medical provider. The medical provider noted that the Veteran underwent a sleep study in June 2015, was diagnosed as having sleep apnea, and was prescribed CPAP therapy. The private medical provider noted that the Veteran gained a significant amount of weight due to his service-connected psychiatric disability and ankle disability. The medical provider reviewed the chronology of the Veteran’s in-service and post-service weight gain and found that it demonstrated progressive weight gain. The medical provider opined that it is at least as likely as not that the Veteran’s sleep apnea is secondary, related to, and/or aggravated by his service-connected psychiatric disability, including PTSD and depressive disorder, and his service-connected right ankle disability. In the rationale, the medical provider stated that there is a greater likelihood of obesity if a person has mental illness, including PTSD and depressive disorder. Further, the medical provider stated that the risk of developing sleep apnea as a result of PTSD is related to weight gain and obesity and that it is well documented that PTSD predisposes an individual to weight gain. Additionally, the medical provider stated that due to the Veteran’s chronic ankle pain, he participated in fewer physical activities and has led a more sedentary lifestyle, which is also a contributing factor to his weight gain. The examiner also stated that there is a pathophysiological link between sleep apnea and obesity due to fat deposition around the upper airway and around the abdomen leading to reduction in functional residual capacity of the upper airway and lungs. The examiner also noted that compared with those that have stable weight, those that have progressive weight gain have a significantly higher likelihood of developing sleep apnea. Lastly, the medical provider found that the March 2018 VA examiner’s opinion to be inadequate because the opinion did not accurately validate or invalidate the Veteran’s claim based upon the medical literature and known pathophysiological process. Specifically, the medical provider found that the objective evidence of record indicates that the Veteran’s progressive weight gain is due to his service-connected psychiatric disability and ankle disability and that medical literature and known pathophysiological process support the finding that progressive weight gain causes sleep apnea. 

The Board finds that the opinions of the private medical providers to be of greater probative value than the opinion of the March 2018 VA examiner. First, the VA examiner specifically stated that obesity or progressive wight gain prior to a diagnosis of sleep apnea are considered the strongest risk factors for the development of sleep apnea; thus, the VA examiner’s conclusions do not conflict with the conclusions of the private medical providers regarding the pathophysiological relationship between progressive weight gain/obesity and sleep apnea. Therefore, the remaining issue is whether the evidence demonstrates that the Veteran has progressive weight gain or persistent obesity. The VA examiner stated that the objective records since 2009 do not demonstrate evidence of progressive weight gain; however, the private medical providers based their opinions regarding weight gain on all of the evidence of record as well as the Veteran’s credible statements and reported history. Moreover, the private medical providers referenced a chronological review of the Veteran’s weight gain and specifically determined that it evidenced progressive weight gain due to the Veteran’s service-connected disabilities. Therefore, the Board finds that the probative evidence of record indicates that the Veteran’s service-connected psychiatric disability and ankle disability caused progressive weight gain/obesity, which caused his sleep apnea. Thus, the probative evidence demonstrates a nexus relationship between with Veteran’s service-connected psychiatric disability and ankle disability and his sleep apnea, with the intermediate step of progressive weight gain/obesity, which establishes the requirements of service connection for sleep apnea. 

Accordingly, considering the totality of the evidence, the Board resolves all reasonable doubt in favor of the Veteran and finds that the requirements of establishing service connection for sleep apnea have been met. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. Therefore, the appeal is granted.

 

 

JAMES L. MARCH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Page-Nelson, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.